

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| DARIUS L. POWELL, | ) |
|     Plaintiff, | ) |
| v. | ) JURY DEMAND |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) Case No.: 16C256 |
|     Defendant. | ) |

FILED 2016 JAN 27 PM 4:08 RICHARD R. ROOKER, CLERK

## COMPLAINT

Plaintiff, Darius L. Powell, for his Complaint against Defendant, Nationwide Mutual Fire Insurance Company ("Defendant" or "Nationwide"), would respectfully show and allege to the Court as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Darius L. Powell, is a resident of Davidson County, Tennessee and has owned property located at 1004 Chateau Valley Court, Nashville, TN 37207 for almost twenty years.

2. Defendant, Nationwide Mutual Fire Insurance Company, is a for-profit foreign insurance company authorized to engage in, and does engage in, the sale and delivery of property insurance within the State of Tennessee with its principal place of business located at One Nationwide Plaza, Columbus, Ohio 43215. The registered agent for service of process of Nationwide is the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243.

1

3. Plaintiff's claim for relief arises from a covered loss to his property located at 1004 Chateau Valley Court, Nashville, TN ("Property"). Venue is proper pursuant to Tenn. Code Ann. § 20-4-103.

4. At all times material hereto, Plaintiff has been the owner of the Property.

5. Plaintiff renewed or procured a policy of homeowner's insurance ("Policy"), from Defendant covering the above-referenced Property on or about December 17, 2014. A copy of the certified Policy is attached as Exhibit 1.

6. In consideration of premiums paid by Plaintiff to Defendant, the Policy was issued, insuring the Plaintiff's Property against risks, including sinkhole activity. The Policy provided dwelling insurance coverage in the amount of $180,500.00, in addition to other coverages.

7. Plaintiff has renewed the Policy each and every year and has paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

8. On or about January 27, 2015, while the Policy was in full force and effect, the Property was damaged as a result of sinkhole activity.

9. The damage to Plaintiff's Property is caused by a covered peril under the Policy.

10. A notice of loss and damage was properly given by Plaintiff to Defendant in accordance with the terms of the Policy.

11. Over three months later, on or about May 1, 2015, Defendant advised Plaintiff that it was denying coverage under the Policy based upon a "desk study and the conditions encountered during field reconnaissance" conducted by ECS Central, PLLC. A copy of this correspondence is attached as Exhibit 2.

Copy

12. In the same correspondence, Defendant acknowledged that the "geological formations in the area of the subject property are potentially prone to karst related subsidence" but found that the depression was not karst related "at the time of this study." *See Exhibit 2.*

13. This investigation did not address the confirmed sinkhole effecting a neighbor's home, did not involve any subsurface investigation, and stated that its "conclusion is somewhat speculative based on our visual observations and can only be further justified with additional site exploration." However, nothing additional was done. A copy of the April 27, 2015 correspondence from ECS Central, PLLC is attached as Exhibit 3.

14. On or about September 21, 2015, Plaintiff, through counsel, sent a request that actual testing be completed, and that the full amount be paid or that Plaintiff would seek a bad faith penalty for the handling of his claim. A copy of this correspondence is attached as Exhibit 4.

15. On or about October 19, 2015, Plaintiff then received correspondence from Defendant stating that his Policy was being non-renewed. The reason listed for the non-renewal was "We found that your home's foundation is separated, holed, splitting or cracked, which increases the chance for injury and damage to your property." A copy of this correspondence is attached as Exhibit 5.

16. After counsel for Plaintiff questioned this non-renewal, Defendant withdrew the non-renewal.

17. Defendant finally responded to the September 21, 2015 letter and conducted some limited testing on November 17, 2015. However, Defendant has provided no results of the testing and to date has failed to indicate whether it will provide coverage or not.

Copy

18. Given the wording of the Policy, Plaintiff is now forced to file this lawsuit in order to preserve his claim. *See Exhibit 1.*

19. More than 60 days has passed since Plaintiff demanded payment and as of the date of this filing, there has been no indication from Defendant that the claim will be paid and no payment has been made on the claim.

20. Plaintiff has complied fully with all of the provisions of the Policy, but Defendant has declined or refused to make payment to the Plaintiff for the loss and damage sustained.

21. Plaintiff has been required to retain the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## BREACH OF CONTRACT

22. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant has breached the Policy by denying coverage and failing and refusing to pay all benefits due hereunder for his claim.

24. Defendant failed to properly investigate the Property as required under the Policy and by state statute.

25. Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

26. Defendant failed to investigate the Plaintiff's claims in a prompt and thorough manner.

27. Defendant intentionally ignored repeated requests to reconsider its wrongful denial of insurance coverage for the Plaintiff's claim, even when the Defendant's own conclusions were "speculative."

Copy

28. Defendant represented to its insured that exclusionary language contained in the Policy excluded coverage of the claim, when Defendant knew or should have known that there was sinkhole coverage available. Such acts or omissions were committed intentionally, recklessly, and/or negligently.

29. Defendant owes Plaintiff prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs; and, if the property is not repairable within applicable coverage limits, an amount equal to such limits for the total constructive loss.

## FRAUD AND MISREPRESENTATION

30. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 29 above as though fully set forth herein.

31. Defendant committed fraud by intentionally or recklessly representing to the insured Plaintiff that exclusionary language contained in the Policy excluded coverage, when in fact the Policy does not exclude such coverage because the cause of the loss was not confirmed by Defendant. Such misrepresentation was committed knowingly or recklessly for the purpose of taking undue advantage of the insured and was justifiably relied on by the insured, who accepted the representation as true.

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

32. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33. Defendant has breached the covenant of good faith and fair dealing that is a part of the Policy that it made with the Plaintiff.

34. Defendant has evaded the spirit of the bargain with the Plaintiff, has shown a lack of diligence with regards to the investigation of the claim, and has willfully failed to perform



under the Policy.

35. Defendant continuously collected premiums from the Plaintiff for almost twenty years and agreed that it would provide coverage but then upon receipt of a claim, Defendant denied coverage without conducting any subsurface testing and then non-renewed the Policy.

## UNFAIR CLAIMS PRACTICES

36. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 35 above as though fully set forth herein.

37. Defendant committed unfair claims practices in violation of Tenn. Code Ann. §§ 56-8-101 through 56-8-111, including, but not limited to:

(A) Failing to make a good faith attempt to effect prompt, fair, and equitable payment of Plaintiff's claim, in violation of Tenn. Code Ann. § 56-8-105;

(B) Refusing to pay Plaintiff's claim without conducting a reasonable investigation in violation of Tenn. Code Ann. § 56-8-105; and,

(C) Knowingly misrepresenting relevant Policy provisions relating to coverages at issue in violation of Tenn. Code Ann. § 56-8-105.

38. Defendant's acts and/or omissions regarding this claim were made willfully or knowingly and supports Plaintiff's claim for breach of contract, breach of the covenant of good faith and fair dealing, and bad faith.

## VIOLATIONS OF THE TENNESSEE SINKHOLE STATUTE

39. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 38 above as though fully set forth herein.

40. Defendant has violated the Tennessee Sinkhole Statute ("Sinkhole Statute"), Tennessee Code Annotated section 56-7-130, when Defendant had an obligation to comply with the Sinkhole Statute.

6

Copy

41. The Defendant's acts and/or omissions in violation of the Sinkhole Statute include but are not limited to: failing to conduct an investigation as required under the Sinkhole Statute, failing to eliminate sinkhole activity as the cause of the damage as required under the Sinkhole Statute, and failing to investigate neighboring houses with confirmed sinkhole activity as required under the Sinkhole Statute. The Plaintiff is a homeowner in the state of Tennessee, is within the protection of the Sinkhole Statute, and is intended to benefit from this law.

## NEGLIGENCE *PER SE*

42. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 41 above as though fully set forth herein.

43. Defendant failed to follow the minimum standards for investigating a sinkhole claim as set forth in Tenn. Code Ann. § 56-7-130, including but not limited to the following respects:

   (A) Defendant denied the claim prior to conducting any type of investigation as required under Tenn. Code Ann. § 56-7-130 (d)(2);

   (B) Defendant failed to obtain a written certification stating that sinkhole activity was eliminated from the Property; and,

   (C) After additional requests by the Plaintiff, Defendant still failed to conduct analysis of sufficient scope to eliminate sinkhole activity as the cause of the damage as required under Tenn. Code Ann. § 56-7-130 (d)(2).

44. As a result of Defendant's failure to perform its statutory duty, Plaintiff has been injured. Plaintiff was within the protection of the Tenn. Code Ann. § 56-7-130 and was intended to benefit from this law.

## BAD FAITH

45. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 44 above as though fully set forth herein.

7

Copy

46. Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon Plaintiff. Accordingly, Plaintiff is entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to Tenn. Code Ann. § 56-7-105.

47. The acts and/or omissions of Defendant constitute bad faith with respect to the exercise of its duties and obligations to the Plaintiff, including, but not limited to:

   (A) Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of insurance claims;

   (B) Defendant failed to investigate the Plaintiff's claims in a prompt and thorough manner; and,

   (C) Defendant intentionally ignored requests to pay the claim of insurance Policy coverage for the Plaintiff's claims.

Such acts or omissions were committed intentionally, recklessly and negligently.

48. Defendant has exhibited a pattern of conduct with regard to its claims handling practices, which has resulted in repeated misconduct amounting to intentional or reckless bad faith toward its insureds. A history of court determinations and complaints of bad faith conducted on the part of Defendant has put Defendant on notice that its claims handling practices have resulted in repeated incidents of bad faith. In spite of such notice, Defendant has intentionally or recklessly or carelessly failed to correct its corporate policies or otherwise train its personnel in such a manner as to reduce or eliminate the misconduct.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant for (i) actual damages; (ii) costs, including expert fees; (iii) reasonable attorneys' fees; (iv) all general and special damages, including but not limited to the full cost of repair or replacement of Plaintiff's home; (v) pre-judgment interest; (vi) punitive damages; and (vii) any

Copy

other relief as the Court deems just and appropriate. Plaintiff prays for all relief and damages to which he is entitled under the common law and the Sinkhole Statute, including compensatory damages, attorney fees, and costs in an amount not to exceed eight hundred thousand dollars. ($800,000.00).

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury of twelve (12) persons to try all issues so triable in this matter and such further and general relief to which they may be entitled.

Respectfully submitted,

Tracey A. Kinslow (BPR 017098)
KINSLOW LAW GROUP, PLLC
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: (615) 256-3353
Facsimile: (615) 256-3331
Tracey@kinslowlawgroup.com

Sonya S. Wright (BPR 023898)
FARRAR | WRIGHT, PLLC
122 N. Church Street
Murfreesboro, TN 37130
Telephone: (615) 896-8000
Facsimile: (615) 900-3473
sonya@farrarwright.com

*Attorneys for Plaintiff*

The firm above is surety for all costs in this cause.

_____
Attorney

9